UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

United States Of America                                  Civil Action No. 10-0776

versus                                                    Judge Tucker L. Melançon

Guidry                                                    Magistrate Judge C. Michael Hill

MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment filed by plaintiff the United States of America ("United States") against defendant Danny Guidry, [Rec. Doc. 10], and Danny Guidry's Response thereto [Rec. Doc. 16].  For the reasons that follow, the Motion will be granted.

*I. Background*

This action was brought by the United States on behalf of the United States Department of Education ("DOEd").  Guidry filed a Response to the motion on March 16, 2011, stating that "he has no opposition."  *R. 16.*  The fact that the United States' motion is unopposed does not necessarily mean it should prevail on the merits.  "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995). However, failure to file an opposition and statement of contested material facts requires the Court to deem the United States' statement of uncontested material facts admitted for purposes of the motion.  Local Rule 56.2W.  Hence, the Statement of Material Facts as supported by The Certificates of Indebtedness, *R. 1-1, Certificates of Indebtedness # 1 & 2*, and the  Declaration of Delfin M. Reyes, DOEd loan analyst, *R. 10-3*, provide the following undisputed facts*:*

Guidry executed a promissory note dated March 27, 1996 ("Note 1"), evidencing a loan advanced by the Student Loan Marketing Association ("SallieMae"), the holder of Note 1, in the sum of $54,055.00, bearing interest at the rate of 9.00% per annum, which was disbursed on October 11, 2996.  Note 1 was guaranteed by Great Lakes Higher Education Corporation ("Great Lakes") and reinsured by DOEd under loan guaranty programs authorized by Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071, *et seq.*  *Id.*

SallieMae demanded payment according to the terms of Note 1 and credited $1,701.98 to the: outstanding principal owed on the loan for a sum of $62,977.50.  *Id.*  On May 20, 1998, Guidry defaulted on payment of Note 1.  As a result of the default, SallieMae filed a claim on the loan guaranty held by Great Lakes and Great Lakes paid SallieMae $62,977.50.  Pursuant to 34 C.F.R. § 682.410(b)(4), once Great Lakes paid the default loan, all unpaid interest was capitalized as principal and owed to Great Lakes.  Great Lakes continued with attempts to collect the debt from the borrower to no avail.  On August 18, 2003, Great Lakes was  reimbursed by the DOEd under its reinsurance agreement and all right and title to the loan was assigned to DOEd.  As of March 31, 2010, there is past due and owing under Note 1, principal in the amount of $62,977.50 plus interest in the amount of $65,583.47, for a total sum of $128, 560.97, with interest of $15.52 accruing daily after March 31, 2010.

Guidry also executed and delivered to the United States through DOEd two promissory notes dated September 28, 1995, each bearing interest at a variable rate established annually, for the principal sums of $5,074.00 ("Note 2") and $8,500.00 ("Note 3").  Notes 2 and 3 evidence loans to Guidry advanced by DOEd pursuant to the William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1087a, *et seq.*

DOEd demanded payment in accordance with the terms of Notes 2 and 3 and Guidry defaulted on February 22, 2004. As a result of Guidry's failure to honor the demand for payment, unpaid interest in the amount of $5,193.58 was capitalized as principal pursuant to 34 C.F.R. § 685.202 (b). As of March 31, 2010, under both Notes 2 and 3, after allowing a credit of $3,852.69, there is past due and owing, the principal in the amount of $17,457.81, plus interest in the amount of $6,745.48, for a total sum of $24,203.29, with interest of $1.57 accruing daily after June 30, 2010, and thereafter at the rate established pursuant to section 455(b) of the Higher Education Act of 1965, 20 U.S.C. §1087e.

As the current owner and holder of the Notes, the United States filed this action on May 11, 2010.

## *II. Summary Judgment Standard*

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994)(en banc). Initially, the party moving for summary judgment must demonstrate the absence of any genuine issues of material fact. When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Id.* If the moving party fails to carry this burden, his motion must be denied. If he succeeds, however,

the burden shifts to the non-moving party to show that there is a genuine issue for trial.[1] *Id.* at 322-23.

Once the burden shifts to the respondent, he must direct the attention of the court to evidence in the record and set forth specific facts sufficient to establish that there is a genuine issue of material fact requiring a trial. *Celotex Corp.,* 477 U.S. at 324; Fed.R.Civ.Pro. 56(e). The responding party may not rest on mere allegations or denials of the adverse party's pleadings as a means of establishing a genuine issue worthy of trial, but must demonstrate by affidavit or other admissible evidence that there are genuine issues of material fact or law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144. 159 (1970); *Little*, 37 F.3d at 1075. There must be sufficient evidence favoring the non-moving party to support a verdict for that party. *Anderson,* 477 U.S. at 249; *Wood v. Houston Belt & Terminal Ry.,* 958 F.2d 95, 97 (5th Cir. 1992). There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 178 (5th Cir.1990).

If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the court is required to render the judgment prayed for. Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 322. Before it can find that there are no genuine issues of material fact, however, the court must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Id.*

---

[1] Where the nonmoving party has the burden of proof at trial, the moving party does not have to produce evidence which would negate the existence of material facts. It meets its burden by simply pointing out the absence of evidence supporting the non-moving party's case. *Celotex Corp.,* 477 U.S. at 325. To oppose the summary judgment motion successfully, the non-moving party must then be able to establish elements essential to its case on which it will bear the burden of proof at trial. A complete failure of proof by the non-moving party of these essential elements renders all other facts immaterial. *Id.* at 322.

*III. Law and Analysis*

"[S]uits on promissory notes provide fit grist for the summary judgment mill." *See FDIC v. Cardinal Oil Well Servicing Co.*, 837 F.2d 1369, 1371 (5th Cir.1988). "To recover on a promissory note, the government must show (1) the defendant signed it, (2) the government is the present owner or holder, and (3) the note is in default." *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir.2001) (citing *FDIC v. Selaiden Builders, Inc.*, 973 F.2d 1249, 1254 (5th Cir.1993)). Once the United States establishes these elements, the burden is on Guidry to demonstrate that the obligation has been modified, extinguished, or otherwise does not exist. *See United States of American v. Irby*, 517 F. 2d 1042, 1043 (5th Cir. 1975) (holder of note did not bear burden of showing whether all appropriate credits had been applied to reduce the indebtedness evidenced by the note).

The United States has alleged and established each essential element of its claim: (1) Guidry is the maker on the Notes; (2) the United States through DOEd is the holder of the Notes; and, (3) Guidry is in default. *R. 1-1, Certificates of Indebtedness # 1 &2; R. 10-3, Declaration of Reyes.* Guidry has provided no evidence to refute the government's claim and has stated that he has no objection to the Motion. Accordingly, the United States has met its burden and is entitled to summary judgment in its favor.

*IV. Conclusion*

For the forgoing reasons, the Court will grant The United States' Motion for Summary Judgment as to Notes 1, 2 and 3.